IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRANT NEIBAUR AND SONS FARMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:11-CV-159-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by the BLM. The motion is fully briefed and at issue. The Court will deny the motion for the reasons expressed below.

## LITIGATION BACKGROUND

In this lawsuit, plaintiffs sue the BLM, claiming that its application of the DuPont chemical Oust in 1999 and 2000 caused damage to plaintiffs' crops – specifically sugar beets, potatoes and wheat – in 2002 and 2003. The plaintiffs filed their administrative claim under the Federal Tort Claims Act on April 21, 2004. The BLM claims that because the plaintiffs' claims accrued, at the latest, in 2001, their

**Memorandum Decision & Order - 1**

administrative claim filed in 2004 was not filed within the two-year statute of limitations, requiring that this lawsuit be dismissed. Accordingly, the BLM has filed a motion under Rule 12(b)(1) claiming the Court has no subject matter jurisdiction.

## LEGAL STANDARDS

### Rule 12(b)(1)

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id*. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* The BLM's jurisdictional attack is factual because it relies on extrinsic evidence to demonstrate when the plaintiffs had knowledge of their crop damage and its cause.

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*. at 1039. But where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action," the Court must treat the motion as a motion for summary judgment. *Id*.

The Court cannot find that the issues are so intertwined that the motion to dismiss must be converted into a motion for summary judgment. Accordingly, the

Memorandum Decision & Order - 2

Court will treat the BLM's motion as a motion to dismiss based on Rule 12(b)(1).

**FTCA Statute of Limitations**

The FTCA statute of limitations requires that a party file an administrative claim with the appropriate federal agency within two years of the date that the claim accrued. *See* 28 U.S.C. § 2401(b). The requirement is jurisdictional, and a plaintiffs' failure to comply deprives a federal court of subject-matter jurisdiction over his claims. *See Marley v. United States*, 567 F.3d 1030, 1035-37 (9th Cir. 2009) (holding that jurisdictional nature of FTCA's statute of limitations bars use of equitable tolling to excuse plaintiff's untimeliness).

A tort claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause. *See United States v. Kubrick*, 444 U.S. 111 (1979). This rule protects a plaintiff who may not know of his injury or whose injury may be unknowable until it manifests itself. *Id*. at 122. But it does not protect a plaintiff who, knowing of his injury, "fails to bring suit because he is incompetently or mistakenly told that he does not have a case . . . ." *Id.* Courts must not "visit[] the consequences of that error on the defendant by delaying the accrual of the claim until the plaintiff is [correctly] informed . . . ." *Id*.

## ANALYSIS

Plaintiffs seek damages for crops grown in 2002 and 2003. They assert that the visible symptoms of that damage did not appear until after April of 2002, and that the

Memorandum Decision & Order - 3

actual yield reductions did not occur until the summer of 2002, at the earliest. *See Neibaur Affidavit (Dkt. No. 6-1)* at pp. 2-3. They argue that either way – that is, dating the accrual of their claims from either the date symptoms were visible or the date the yield reductions occurred – their administrative claim filed in April of 2004 is timely under the two-year limitations period.

The BLM responds that the undisputed evidence shows that, at the latest, the plaintiffs knew in 2001 that (1) their crops were damaged, and (2) that the damage was caused by Oust. Although by 2001 the plaintiffs had not yet planted the crops they now seek recovery for, the BLM argues that this Court has held that the continuing Oust damage in future years all "accrued" by 2001, rendering untimely plaintiffs' claims of damage in 2002 and 2003.

The decision referred to by the BLM was entered by the Court in a separate case brought by a different group of farmers with the same claims as plaintiffs. *See Memorandum Decision (Dkt. No. 387 in Adams v US, 4-03-CV-49-BLW).* The Court was ruling on a motion in limine brought by the BLM seeking to exclude any evidence of crop damage after 2001. The BLM argued that the plaintiffs' complaint failed to put them on notice that the plaintiffs would seek recovery for crop damage beyond 2001. The Court held that the plaintiffs' administrative claim put the BLM on notice that plaintiffs were seeking damages beyond 2001. *Id.* at p. 3.

In a motion to reconsider, the BLM argued that an administrative claim seeking "future damages" is invalid. The BLM read the FTCA to require the filing of a

**Memorandum Decision & Order - 4**

separate administrative claim after each year's damage occurred. The Court disagreed, finding that the plaintiffs' claim fell within the FTCA language in 28 U.S.C. § 2675(b) allowing damages "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *See Memorandum Decision (Dkt. No. 399 in Adams v US, 4-03-CV-49-BLW)* at pp. 3-4.

The BLM now argues that in these decisions "the Court reasoned that any damages to the Adams plaintiffs' crops occurring after 2001 were just a continuation of the injury that accrued in 2000 - 2001, meaning that their claims for future damages had already accrued prior to the filing of their 2002 administrative claim." *See BLM's Reply Brief (Dkt. No. 7)* at p. 4. The BLM argues that the Court is bound here by its decision on the accrual of claims in *Adams*.

The Court disagrees. In neither of the *Adams* decisions did the Court discuss the FTCA statute of limitations or rule on when a cause of action accrued. The Court did not find that the future claims "accrued" in 2001, and there is no language in those decisions to support the BLM's interpretation. Instead, both decisions focused on issues of exhaustion of administrative remedies and notice to the BLM. The Court explained that the FTCA allowed recovery of future damages – not yet suffered at the time of the administrative claim – under a narrow exception, and that the plaintiffs' allegations fell within that exception. Those decisions cannot be read to mandate dismissal of this case.

**Memorandum Decision & Order - 5**

Nevertheless, the BLM argues, the claims should be deemed to have accrued at least by 2001 when plaintiffs knew that Oust caused the damage. The allegedly negligent spraying all occurred prior to 2001, and under Idaho law, the BLM argues, the plaintiffs cannot argue that the agency has committed a "continuing tort" that might extend the limitations period. The BLM also points out that under *Kubrick*, discussed above, plaintiffs' protestations that they were misled about the persistence of Oust in the soil are irrelevant.

The Court will assume, *arguendo*, that the "continuing tort" doctrine is unavailable, and will ignore plaintiff's claims of being misled about persistence. Even so, the only evidence before the Court at this stage of the proceedings is that plaintiffs did not discover the damage to their 2002 crops until after April of 2002, and did not discover the damage to their 2003 crops until even later. *See Neibaur Affidavit, supra,* at pp. 2-3. Hence, their administrative claim filed in April of 2004 would be within the two-year limitations period.

For all of these reasons, the Court will deny the BLM's motion to dismiss.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 5) is DENIED.



DATED: **February 1, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 7**